Judge Underwood
delivered the Opinion of the Court in this case
in the decision pf which, the Chief Justice took no part.
In June, 1833, it is said, Doctor William Gill made a nuncupative will, by which he bequeathed a considerable personal estate to his relations. John Aldridge was one of the legatees. The bequest to him was large, and he died a few days after Doctor Gill. Two of the children of Aldridge, at whose house Gill died, are the only witnesses introduced in support of Gill’s will ; and they are, under the will of their father, interested in establishing the nuncupative will; which was offered for proof — having been reduced to writing, within less than six months after the testamentary words are alleged to have been spoken, and admitted to record by the Garrard county court.
The competency of the witnesses to depose, is the only question worthy of consideration ; for if their testimony can be received, there is no.doubt that the county court properly established the will.
It is contended, that the witnesses were competent at the time they were called on to take notice of the testamentary words, and that a subsequent interest cast on them by operation of law, as heirs to their father, or a voluntary acceptance of the provisions of his will, in their favor, cannot deprive the other legatees of Doctor Gill of the benefit of their testimony.
Or, if that position be untenable, it is insisted, that a liberal construction of the ninth section of the act of assembly, relative to wills, would embrace witnesses, whose testimony may lie necessary to establish a nuncupative will, so as to allow and compel them to testify, although the result might be to deprive them of all ben *448 efit which might flow from the establishment of the will they were called on to sustain.
An interested witness is not competent to prove that he had no interest when the facts to be established by him occurred. If he' was then disinterested, but became interested afterwards by his own voluntary ace, or the act of ¡mother, and is therefore not incompetent, it must be made to appear by testimony other than his CWn:
The ground assumed divides itself into two inquiries : first, do we know that the witnesses were competent at the time they heard any testamentary words from Doctor Gill ? and, second, if they were competent at any such time, will their subsisting interest when required to testify, make it the duty of the court to exclude them ?
As to the first point, it may he remarked, that all our knowledge is derived from the witnesses, who fix the period when the testamentary words were spoken, and detail the facts which show that they had no interest at that time. Now if it be conceded, as contended, that a witness once competent must continue so, notwithstanding an interest subsequently acquired by his own voluntary act, or cast on him hy the act of another ; still it would be a question of consequence, whether his original competency should not he made to appear by other evidence than his own testimony; for if other evidence he not required, it might, in numerous cases, if not in all, be within the power of an interested witness to date transactions in such manner as to let in his testimony, and thereby to promote his interest hy perjury. The ground of objection to an interested witness is, that he cannot lie trusted in consequence of his interest; there is danger that he may be influenced hy it to commit perjury; and hence the general rule, that he shall not testify in a case which concerns himself. It would afford great facilities and temptations to fraud and perjury, were we to allow an interested witness to make out the existence of his competency at a former period, and thereby to legitimate his testimony on the trial. Such an exception would enable a distributee-do testify in behalf of the administator. whenever the distributee was willing to swear that his knowledge of the facts was obtained before the deatli of the intestate. We are not acquainted with any adjudged case which sanctions such a principle, and think there is no good reason for it. We are therefore of opinion, that the witnesses in the present case could not legally establish their competency *449 to testify at a former period, so as to present themselves in an attitude in which others might rightfully claim the benefit of their testimony, notwithstanding their inter" est at the moment of testifying.
A nuncupative will cannot be proved by one who, when called aa a witness, is interested in its being established — tho’ he did not acquire his interest till af ter the will was published. — If one who is entitled to a legacy Under a Will, dies, his heirs or devisees,whose portions will be enlarged by establishing it, are not competent to prove it — not withstanding he whose will they are to prove died first, they, at the time it was made, were disinterested.
But if we grant, that the witnesses could, in this case,' show, that there was a time when they woulft have been competent to prove the due publication of the nuncupative will, still we think their interest at the time they Were called to testify, was such, as to make it the duty of the court to exclude them. In principle their case.is Lke that of the distributee called to testify in behalf of the administrator or executor. By establishing the will of D ictor Gill, their father’s personal representative would be entitled to the legacy to him of about three thousand dollars, and this sum, so acquired, would enlarge théir distributive, shares. It was a difference of ..opinion b.etween Lords Camden and Mansfield, whether a witness who was incompetent at the time of attesting a will, to which' the British statute required three ‘‘credible,” construed to mean competent, witnesses, could, by the subsequent removal of his disability, thereby become competent to testify; but we have no where found it determined, that a witness competent at the time of attestation, could give evidence on the trial, in. support of his own interest subsequently acquired. If there are others connected with the witness in interest, it may he their misfortune to be deprived of his testimony, but such must be the result, unless they can bring the witness within some established exception to the general rule. The exception applicable here, if there be any, is laid down by Sfarkie, part iv, page 750, in these words : “A witness cannot, by the subsequent voluntary creation of an interest, without the concurrence or assent of the party, deprive him of the benefit of his testimony in any proceeding, whether civil or Criminal. For the party, had a legal interest in the testimony, of which he ought not to he deprived by the mere wanton act of the witness ” This exception dees not emhrace the case. The witnesses here have committed no wanton act prejudicial to any one. They *450 have not been actors to change their condition. They (]|^ not create their interest: on the contrary, their interest has been created by the act of Aldridge, their father ; who by his will has provided.for the witnesses. If Aldridge had died iii.testate, the interest of the witnesses would have been created by operation of law. In either case, their interest is not the consequence of théir acts,. Suppose, instead of making the witnesses interested by his .will, Aldridge was yet alive, and liad transferred to them, by gift, and for valuable consideration, the legacy left him by Gill; in such a state of /things, it could not be contended, with any plausibility, that the witnesses could by their testimony establish the will. We do not see how the death of Aldridge alters the case. If he was alive, he could not prove the will for his benefit. He cannot cast bis interest by his death upon his children, either as distributees, or legatees, without throwing upon them likewise his disability to testify. A part of Aldridge’s children cannot, after his death, use the others as witnesses, to establish a right derived from the father, any more than they could were the father living and had assigned his interest jointly to the children, for a valuable consideration. It remains to enquire how far the ninth section of the act relative to wills, can operate upon this case. By that section the subscribing witness to a will, in which there is a legacy to him, may be compelled to prove the wjH5 jf it cannot be otherwise proved; and in that event, his legacy is taken away ; but any interest which |,e might have had as heir or distributee, is saved to him, provided it does not exceed the value ot the be-q„est or devise which he loses. We are of opinion that this section has no application to the present case. Had witnesses been provided for by the nuncupative will which they' are called on to prove, then the question might have been presented, how far witnesses to prove nuncupative wills could be embraced by the statutory rule applicable to the subscribing witnesses of written wills. But the witnesses here take nothing bv the riuricupativs will. I heir interest is derived under the will *451 of Ablr¡c!ge. Now we perceive no mode of vacating the 'devise made by Aldridge to the witnesses. 'The interest which they acquire by his will, may greátly exceed that which they would be entitled to as heirs and dis. tributees ; and if so, we find no authority in the statute to make them surrender a greater interest, and take a lesser one, so that they may be rendered competent to prove the will óf a third person. All that the spirit of the statute could require, is that, the witnesses in this ease should-surrender all the interest which they have, under the will of their father, in the three thousand-dollars bequeathed him by Doctor Gill, and then to let them in to share such portion of Doctor Gill’s estate as' they might be entitled to, as part of the distributees of Gill, had he died intestate, and after the death of Aldridge and his wife. We cannot carry out the supposed analo. gy between the subscribing witnesses of a written will, and the witnesses in the present case, through such an unexplored labyrinth as that into which we should be led. Hence we conclude that the ninth section of the statute of wills has no bearing on this case.
A bequest to a neMtoÜIaSwUl" that cannot be Wm^l^void11; andifheisenti incas/tbewUl is rejected, so much oithe portion as does not exceed the vidquest, is saved' S7hl§9 Que % —can this act as \o°embrace the witnesses wilIsTCIt does .not apply to -thosewho have /?o barest in tlle w¡]1 are called to they^r^otheí wise interested *n estdblishln£-
The judgment of the Garrard county court admitting the paper purporting to he the nuncupative will of William Gill, deceased, to record is reversed and set aside; and for.want of competent proof the contents of the said paper written by S. H. Anderson, in the presence and under the statements of Maria Tillett, one of the witnesses, are hereby rejected, and declared not to be the nuncupative will of the said Gill.
The plaintiffs in error must recover their costs.